UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISON

WILLIAM ROBINSON,

    Plaintiff,

v.                                                  Civil Action No. 3:17-cv-02741

CITY OF HUNTINGTON, d/b/a CITY OF
HUNTINGTON POLICE DEPARTMENT,
a municipal corporation; RONNIE LUSK,
individually and in his official capacity,

    Defendants.

## **COMPLAINT**

Plaintiff William Robinson, for his Complaint against the defendants, states as follows:

**I.    JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343 et. seq. This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a) because these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in the Cabell County which is located in the Southern District of West Virginia.

## II.     PARTIES

4. Plaintiff, William Robinson, was at the times relevant to this Complaint a resident of Cabell County, West Virginia and subject to the unlawful actions of the Defendants.

5. Defendant, City of Huntington, is a municipal corporation established by the laws of West Virginia. Pursuant to West Virginia law, the City created a police force, the Huntington Police Department ("HPD"). HPD is subject to the authority, control and discipline of its administrative authority, the City of Huntington. The City of Huntington is a "person" as that term is defined in 42 U.S.C. § 1983.

6. Defendant, Ronnie Lusk, is a police officer employed by HPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times was acting under color of state law. He is sued in both his individual and official capacities.

## III.    FACTS

7. On September 5, 2015, HPD officer Ronnie Lusk performed a traffic stop on William Robinson.

8. Mr. Robinson pulled his vehicle to the side of the road and stuck his hands out the driver door window to surrender.

9. Numerous officers approached the vehicle with their guns drawn.

10. Officer Lusk approached the driver's side door with his gun drawn. He also had a K-9 with him.

11. Although Mr. Robinson had already surrendered and placed his hands out the window, the officers continued to yell and cuss at him causing confusion.

12. Even though he had surrendered and had his hands visible outside the car window, without warning, Lusk ordered the K-9 to attack Mr. Robinson.

13. The K-9 proceeded to viciously attack Mr. Robinson.

14. Even after the dog had Mr. Robinson on the ground, Lusk let the dog continue to bite and chew on Mr. Robinson.

15. Mr. Robinson suffered severe lacerations to the entirety of his left leg.

16. Even though he had suffered these severe lacerations, Mr. Robinson was not immediatley taken to the hospital but was left in the back of a police cruiser to suffer.

17. Mr. Robinson was eventually taken to the emergency room.

18. Mr. Robinson later had to return to the emergency room due to infection of the lacerations.

19. Mr. Robinson has suffered permanent scarring due to the unwarranted attack.

IV. **ALLEGATIONS**

**COUNT I**
CIVIL RIGHTS VIOLATION
(Excessive Force– 42 U.S.C. § 1983)

20. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this complaint, and by this reference incorporates the same herein and make each a part hereof.

21. The degree of force actually used against Mr. Robinson was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established right to be free from a vicious dog attack when the person had already surrendered, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

22. The officer's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Mr. Robinson's constitutional rights.

23. The officer's actions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT II
CIVIL RIGHTS VIOLATION
(Failure to Provide Timely Medical Care– 42 U.S.C. § 1983)

24. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

25. Officer Lusk watched his canine rip apart Mr. Robinson's leg and heard him screaming in pain.

26. Despite his severe injuries, Lusk did not provide, or ensure that Mr. Robinson was immediately transported for emergency medical services.

27. Lusk did not immediatley provide or transport Mr. Robinson for emergency medical services even though Mr. Robinson pleaded to be taken to the hospital immediately.

28. Lusk did not immediately provide or transport Mr. Robinson for emergency medical services in order to wantonly cause him unnecessary pain and suffering and emotional distress.

29. The officer's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Mr. Robinson's constitutional rights.

30. The officer's actions were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

## COUNT III
## MUNICIPAL LIABILITY

31. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

32. The above-described deprivation of Mr. Robinson's constitutional rights were caused by implementation of customs, policies, or official acts of the Defendant City of Huntington; to wit, among other things: Permitting police officers to engage in law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding lawful detention, lawful use of K-9, and the proper use of force, failure to implement a policy regarding the use of force by K-9's, and the failure to adequately train, supervise and discipline its police officers regarding the requirement to provide immediate medical assistance to injured arrestees.

33. The City of Huntington, by these acts and omissions has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights which its customs and policies pose.

34. Their customs and policies violate the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

35. The customs, practices and policies of the City of Huntington were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

### COUNT IV
### STATE LAW CLAIMS

36. Plaintiff refers to and re-pleads each and every allegation contained in the preceding paragraphs of this complaint, and by this reference incorporates the same herein and make each a part hereof.

37. The above-described actions constitute the following state law claims against the Defendant officer:

    A.    Assault and Battery
    B.    Negligence

38. The above-described actions constitute the following state law claims against the City of Huntington:

    A.    Negligent Hiring
    B.    Negligent Retention
    C.    Negligent Supervision
    D.    Negligence

**V.    PRAYER FOR RELIEF**

Wherefore, based upon the above stated facts, Plaintiff requests judgment against the defendants in an amount that will fully and fairly compensate him for his injuries including medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, psychological distress and any other compensatory damages to be proved at trial. Mr. Robinson further requests punitive damages against the officer defendant,

reasonable attorney fees and costs, all other damages provided by law and any other relief this Court deems just and fair.

**PLAINTIFF DEMANDS A JURY TRIAL**

WILLIAM ROBINSON,
An Individual,

By Counsel:   s/Richard Weston
Richard W. Weston (WVSB #9734)
Connor Robertson (WVSB #11460)
WESTON | ROBERTSON
337 Fifth Avenue
Huntington, WV 25701
304.522.4100


By Counsel:   s/A. Courtenay Craig
A. Courtenay Craig (WVSB# 8530)
337 Fifth Avenue
Huntington, WV 25701
304.697.4422